UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FARRELL SCHEXNAYDER | CIVIL ACTION |
| VERSUS | NO. 15-2192 |
| REC MARINE LOGISTICS, LLC | SECTION "L" |

## I.  INTRODUCTION

Before the Court are three motions filed by Defendant REC Marine Logistics ("REC"): (1) Motion for Summary Judgment (R. Doc. 16); (2) Motion *in Limine* to Exclude Expert Report and Testimony of Kenneth Ronald Laughery, Jr., Ph. D. ("Laughery") (R. Doc. 14); and (3) Motion *in Limine* to Exclude Expert Report and Testimony of Captain James P. Jamison ("Jamison") (R. Doc. 15).  Having read the parties briefs, reviewed the applicable law and heard the parties on oral argument, the Court now issues this Order and Reasons.

## II.  BACKGROUND

On or about April 20, 2015, Plaintiff, Farrell Schexnayder, was employed by REC as a vessel captain onboard REC's vessel, the M/V ELIE CHERAMIE.  On this date, Plaintiff claims to have sustained an injury for which he has filed suit under the Jones Act and general maritime law against REC. More particularly, Plaintiff alleges that he was removing a grate nearest the port side of the vessel in order to prime and paint an area of rust on the deck, which was below the grate.  REC does not contest, for the purposes of the instant Motion for Summary Judgment, that the grate Plaintiff allegedly lifted weighed up to 75 pounds.

At the time of Plaintiff's alleged accident, the ELIE CHERMIE was tied up at REC's dock in Larose, Louisiana, as it was off charter.  According to Plaintiff, on the morning of April 20, 2015, the deckhand/mate on the vessel was transferred to another vessel, and was not present

at the time of his alleged accident.  After Plaintiff finished changing the oil in the vessel's engines, he proceeded to the stern of the vessel in order to begin painting and priming the deck, which required removal of the above-referenced 75 pound grating to accomplish. No one from REC instructed Plaintiff to paint the stern deck or to remove the grating in order to do so. However, Plaintiff submits that no instruction was needed as the task was part of the job duties required of him as set forth in his Job Description and corroborated by witness testimony.

Plaintiff claims that when he lifted the 75 pound grate in question, "he felt a burning pain through his lower back" and "made no further attempts to move the grating." (R. Doc. 16-3 at 2). Plaintiff admits that he had lifted the grating at issue on occasions prior to the alleged accident. Plaintiff further admits that he had moved the grating on his own even when there was someone else on the vessel to assist him.  However, Plaintiff submits that he believed it was safer to have two people lift the grating and that he repeatedly asked for a deckhand to be sent to the vessel to assist with necessary maintenance work.  Plaintiff also admits that at the time of the accident he did not believe lifting 75 pounds was too heavy.  However, he submits that he was unaware of the risks associated with the picking up the grating as Defendant never warned him of those risks.  Finally, Plaintiff claims that just because this was a routine work method, does not make it a safe one.

### III.    MOTION FOR SUMMARY JUDGMENT (R. Doc. 16)

#### a.  Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court

considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

   b. **Law and Analysis**

In his opposition to the Motion for Summary Judgement, Plaintiff argues that the fact that no one told him to the paint the deck is inapposite since it was a part of the maintenance he was required to do by REC (as indicated by the testimony of his co-workers as well as his job description provided by REC). Plaintiff contends that requiring this activity without assistance was negligent and made the vessel unseaworthy. Plaintiff argues further that this is more complicated than a simple lifting case. Plaintiff argues he was forced to work in a small and cramped location on the stern, creating an awkward position to lift the grating.

3

Plaintiff contends that the fact that he testified that he did not believe the grating was too heavy to lift on his own and was not worried about doing so is also inapposite because he was not aware of the risks he was taking by performing such heavy lifting tasks because REC did not warn him of those risks. Plaintiff argues further that the real question is, simply, whether the task or work method was, in fact, unsafe, and that it caused Plaintiff's injury. Just because a work method is routine or customary does not mean it is safe as even a long accepted practice may be an unsafe practice. *See* Fifth Circuit Pattern Jury Instruction 4.5.

The Court, however, finds these arguments unpersuasive. Most notably, Plaintiff is the *captain* of the vessel and no one instructed him to paint the stern of the vessel or to remove the grate. While his requisite duties include general maintenance, he, as the captain, ultimately has discretion regarding when and how to maintain and upkeep the vessel. Moreover, the boat was docked and painting the deck is not the type of maintenance or upkeep that is critical or urgent. Plaintiff was not removing the grate in order to bail out his sinking vessel or stem a fire from erupting in the engine room. Rather, Plaintiff, as Captain, made a *sua sponte* discretionary decision to remove a 75 pound grate in order to prime and paint an area of rust on the deck at a time when no one was there to assist him.

Not only did no one instruct Plaintiff to paint the deck, but also, Plaintiff himself acknowledged that he had lifted this grate before on his own and was not worried about doing so. He further admitted that he had moved the grate on his own even when there was someone else on the vessel to assist him. Plaintiff also testified that he did not believe 75 pounds was too heavy for him to lift on his own, and noted that on occasions in his daily life, he has lifted 80 pound sacks of cement. For the foregoing reasons, the Court finds that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion for Summary Judgment (R. Doc. 16) is **GRANTED**. **IT IS FURTHER ORDERED** that the Motions *in Limine* to Exclude Expert Testimony (R. Docs. 14, 15) are **DENIED AS MOOT**.

New Orleans, Louisiana this 11th day of May, 2016.

_____
United States District Judge